IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dan Gatlin, | ) | Civil Action No. 4:11-3313-TLW |
| | ) | Cr. No. 4:10-203 |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| The United States of America, | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Dan Gatlin (hereinafter "Petitioner" or "Defendant").

On February 23, 2010, a federal grand jury returned a single count Indictment against Petitioner and a number of co-defendants. (Doc. # 1). On April 2, 2010, an Information pursuant to 21 U.S.C. § 851 was filed. On July 19, 2010, Petitioner pled guilty to Count one of the Indictment which charged that he conspired to knowingly, intentionally and unlawfully possess with intent to distribute and distribute cocaine base (commonly known as "crack" cocaine) and cocaine, with said conspiracy involving 50 grams or more of "crack" cocaine, and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A); all in violation of 21 U.S.C. § 846. On January 19, 2011, Petitioner was sentenced to one hundred eighty months of imprisonment, with Judgment entered on January 31, 2011. Petitioner did not file an appeal.

Thereafter, on December 6, 2011, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255 asserting two grounds for relief, with various subparts. (Doc. # 507). On

1

December 8, 2011, the Defendant filed additional documents in support of his § 2255 Petitioner. On January 12, 2012, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Docs. # 537 & # 538). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed January 12, 2012 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 539). Petitioner filed a response on January 30, 2012. (Doc. # 547). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete

miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## **STANDARD OF REVIEW**

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 538). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete

failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

In his initial Petition, Petitioner asserts two grounds for relief, with various subparts, the majority of which are based upon a theory of ineffective assistance counsel. (Doc. # 507). Petitioner's claims set forth verbatim are as follows:

1. Sixth Amendment (Ineffective Assistance of counsel).
    (1) Counsel fail to challenge the conspiracy offense, even though I wanted him to. The evidence to constitute a conspiracy must show and prove that the defendant knew of the conspiracy, purposefully associated themselves with it and affirmatively cooperated in it, or at least agreed to cooperate in the objective of the conspiracy. United States v. Bradlow, 806 F2d 781 (8th Cir. 1986).
    (2) Counsel fail to dismiss the indictment, and challenge grand jurors even though I wanted him to. I felt the grand jurors were not legally qualified to indict this conspiracy with no evidence of conspiracy. The indictment was not sufficient because it does not set forth the offense in the words of themselves fully and directly without uncertainty.
    (3) Counsel fail to challenge testimony of government witnesses, and fail to investigate exculp[a]tory evidence of government witnessess [sic] statements even though I wanted him to. This violated my Sixth Amendment because the government witnessess [sic] statements were not proved beyond a reasonable doubt, not proved by a jury, and not admitted by myself (defendant). Apprendi v. New Jersey, 530 U.S. 466: Ring v. Arizona, 536 U.S. 584 Jones v. United States
    (4) Counsel fail to explore and present expert testimony that could have provided counterpoint to prosecution evidence, even though I wanted him to. Allegedly Delanio Rhymer had taken a poloygraph [sic] for the government, and failed but his testimony was still used in my drug weight at sentencing. (Gersten v. Senkowski), 426 F.3d 588 (2d Cir. 2005) Counsel ineffectiveness for failing to explore use of medical experts.
    (5) Counsel fail to object at sentencing even though I wanted him to to a gun enhancement that was not find by proven evidence, by a jury, or admitted by myself, and that led me to be wrongly enhanced two levels for a gun I never possessed, or never was found in possession of United States v. Spies (No 08-4211 Nov 29, 2011) sentencing of defendants for firearm related offenses are vacated where the district court incorrectly use a preponderance of evidence standard in applying certain

offense level enhancements and U.S.S.G. Section U.S.S.G. 2k2(b)(i)(e) and (ii). See also case United States v Nadirashvill (2011)

(6) Counsel fail to fil[e] Brady materials Motions even though I wanted him to, that also violated my 5th Amendment in not being able to defend my self against the control buys with audio and video the government said they had (Wood v. Zahradick), 578 F.2d 980, 982 (4th Cir).

2. Fifth and Sixth Amendment: Violations of Due Process and Fourteenth Amendment
   (1) Defendant was held to answer other crimes that was not in the indictment which violated my 5th Amendment. I was held for possession of a gun in which I never possessed, never found in possession of, and government witnessess [sic] statements had no indicia reliability in them.
   (2) I was allowed to be enhanced two levels off of information that was not in the indictment.
   (3) I could not defend myself with the unsufficient [sic] of indictment that also violated my 5th Amendment, in not being able to defend myself from the offense that was in front of me.
   (4) I was enhanced at sentencing that violated my Sixth Amendment by relying on facts not found by the jury, and not proveable by government witnessess [sic] statements. Also enhancing me with a gun that was not proved by a jury, or proved by a reasonable doubt. I never possessed a gun.
   (5) My Fourteenth Amendment was violated because I did not have equal protection of the law, and I was deprived of liberty without due process.
   (6) My attorney did not have the right to challenge the grand jurors legal qualifications and that also violated my due process of Constitution law and federal law.

In two subsequent filings, Petitioner also asserts the following:

3. Sixth Amendment Violations
   The government has to prove prosecution, in which the government did not also on me being enhanced off statements of being a leader. The government statements was not reliable, and misleading. With the unsufficiency [sic] of my court appointed attorney to investigate and confront witnessess [sic] statements I was wrongly enhanced two levels for a leadership role. The government did not prove this with reliable information, it was not proved by a jury, and I did not admit to it. This violated my Sixth Amendment. These individuals that made statements and said I was a leader wanted time reductions from the government, and again was misleading and reliable information that was allowed at sentencing.
   I was also enhanced on a predicate offense that was not a predicate even though my sentence was seven years but sentence for my drug offense did not exceed one year, therefore I should not have been enhanced. Again with the unsufficiency [sic] of my court appointed attorney for not investigating and defending me in my defense I was enhanced for something that was no prove by a jury, without reliable information, and not admitted by me, I did admit to the offense but I did not knowingly admit to a predicate offense. Again, my due process of the

law was violated.[1]

4. Indicated before Aug 3, 2012 and arraigned March 1, 2011 which means that the Fair Sentencing Act wasn't yet passed by Congress. This is a pipeline case and the 851 that was previously filed timely before the entering of the plea would have normally placed the defendant/petitioner at 240 months/20 years. Since the petitioner was sentence[d] after August 3, 2012 he shall benefit from the new statutory provision which changed 50 grams to 280 grams of cocaine base. Petitioner['s] new statutory mandatory minimum would be changed from 240 month to 120 months because of the new statutory minimum would only 5 to 40 years because of the Fair Sentencing Act.

Initially, Petitioner contends that he received ineffective assistance of counsel. Specifically, Petitioner contends that his attorney (1) failed to challenge the conspiracy offense; (2) failed to dismiss the indictment; (3) failed to challenge the testimony of government witnesses; (4) failed to present expert witness testimony; (5) failed to object at sentencing to the gun enhancement the drug conspiracy; and (6) failed to file motions for Brady materials. The Government asserts that each of Petitioner's complaints is without merit.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). A defendant asserting an ineffective assistance of counsel claim must satisfy both prongs, and a failure of proof on either prong ends the matter. U.S. v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (citing Williams v. Kelly, 816 F.2d 939, 946-47 (4th Cir.1987)).

Under the first prong of Strickland, we apply a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." Id. (citing

---

[1] The Court notes that at sentencing, the Government conceded that Defendant was not a career offender. To the extent Petitioner asserts that this conviction does not support the Section 851 enhancement in this case, the Court finds this position to be without merit. The Court also notes that Petitioner admitted at sentencing that he had this conviction on his record and did not make any challenge to the conviction at sentencing.

Strickland, 466 U.S. at 689). For a lawyer's trial performance to be deficient, his errors must have been so serious that he was not "functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. (citing Strickland at 687). The reasonableness of a lawyer's trial performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." Id. (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986); Strickland, 466 U.S. at 689).

In order to establish prejudice under Strickland 's second prong, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Id. In the context of a guilty plea, the prejudice prong is satisfied where there "is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The first inquiry--whether counsel's performance was deficient -- may be by-passed if the claim is more easily disposed on the ground of lack of prejudice. Strickland 466 U.S. at 697.

The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .." Id. at 689. As the Strickland Court observed:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Id. at 689. (Citations omitted).

First, Petitioner contends that his attorney erred by not "challenging" the conspiracy offense. Petitioner's allegations ignore the depth of the Government's drug case against him. As noted in the presentence report, the Government had evidence of two controlled buys from Petitioner and a traffic stop which yielded over 40 grams of crack cocaine. In addition, the Government had over 20 historical witnesses that provided evidence of Petitioner's drug activities and further substantiated his role in the drug conspiracy. Thus, contrary to Petitioner's contention, the Government prosecuted him not for merely being present, but because he was an integral part of the drug distribution community in Chesterfield County area of South Carolina. Petitioner contends that he did not participate in a "conspiratorial agreement," however, evidence from his conspirators suggests otherwise. In particular, a number of Government witnesses indicated Petitioner had people working for him in the drug conspiracy. Petitioner cannot demonstrate any prejudice from the alleged failure to "challenge" the conspiracy.

Second, Petitioner complains that his attorney did not "dismiss the indictment." It goes without saying that only this Court has the authority to dismiss an indictment. No counsel alone has that authority. Petitioner contends that the indictment should have been dismissed because it did not contain all the necessary elements of the drug conspiracy under 21 U.S.C. § 846. Contrary to Petitioner's argument, the indictment satisfied the statutory requirements for drug conspiracies. "As a general proposition, an indictment is sufficient if it alleges an offense in the words of the statute, as long as the words used in the indictment fully, directly, and expressly without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense." United States v. Rendelman, 641 F.3d 36, 44 (4th Cir. 2011) (internal quotation marks omitted). "More specifically, an indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly

informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense." Id. (quoting United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2010)). The Government must prove three elements for a drug conspiracy: "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law . . . ; (2) the defendant's knowledge of the conspiracy; and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Hickman, 626 F.3d 756, 763 (4th Cir. 2010) (internal quotation marks omitted). Here, the indictment tracked the relevant statutory language and contained the necessary elements of the offense. Moreover, Petitioner has failed to even allege or describe what part or portion of the indictment or elements he contends was missing.

Third, Petitioner contends that his counsel was ineffective for failing to challenge the testimony of government witnesses. It is unclear what specifically Petitioner wanted his attorney to do and what, if any, evidence would have resulted from challenging the testimony of proposed Government witnesses. The Government indicates it provided defense counsel with the complete discovery in this case. Petitioner was arraigned on the charges on March 1, 2010 and the Court appointed attorney Clifford Welsh on March 3, 2010. The Government indicates that a review of its discovery log shows that the Government produced the case report to defense counsel on March 3, 2010 - the same day defense counsel was appointed. See also Affidavit of Clifford L. Welsh (attached to the Government's memorandum in support of motion for summary judgment). The Government indicates it provided additional discovery on March 4, 2010; March 24, 2010; April 6, 2010; June 23, 2010; and July 6, 2010. Thus, there was no need for defense counsel to file discovery motions because the Government had already provided the discovery. As for any prejudice resulting

from the alleged failure to challenge the testimony of the Government's witnesses, Petitioner merely states that his sentence was enhanced for drug weights not proven beyond a reasonable doubt. Petitioner's allegation, therefore, must be denied because the drug weights attributable to him in the presentence report were properly calculated and relied upon by the Court at sentencing. Drug weights used to calculate the advisory sentencing guidelines need only be proven by a preponderance of the evidence standard. See United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007) ("When applying the guidelines in an advisory manner, the district court can make factual findings using the preponderance of the evidence standard."). Had defense counsel objected and challenged the drug weight at sentencing, this Court would have had ample evidence to support the conservative numbers used in the presentence report. It also bears noting that at the time of his original sentencing, Petitioner faced a mandatory minimum sentence of 240 months. Thus, even if the drug weight had been reduced, Petitioner still could not have received a sentence below 240 months at that time.

Fourth, Petitioner contends that his attorney failed to present expert witness testimony. Petitioner argues that the drug weight attributable to him was calculated using statements from Delanio Rhymer and Rhymer had failed a polygraph. Contrary to Petitioner's allegation, the Government and defense counsel agreed to remove the drug weight statements made by Delanio Rhymer. The removal of this drug weight, however, did not reduce the base offense level from a Level 34 and as noted above, at the time of sentencing, Petitioner faced a mandatory minimum of 240 months imprisonment. Thus, there was no error or prejudice. See Affidavit of Clifford L. Welsh. (attached to the Government's memorandum in support of motion for summary judgment).

Fifth, Petitioner contends that his attorney failed to contest the gun enhancement at sentencing. Contrary to Petitioner's suggestion, defense counsel did, in fact, object to the gun

10

enhancement. See Affidavit of Clifford L. Welsh; Transcr. Of Sentencing Hr'g at pages 2 - 5, 8 (both of which are attached to the Government's memorandum in support of motion for summary judgment). The objection, however, was addressed by probation in their addendum where they noted that at least three Government witnesses stated that Petitioner carried a firearm as a part of his drug business. Again, no there was no error or prejudice.

Sixth, Petitioner contends that his attorney failed to file "Brady materials." Petitioner attempts to develop this statement as a failure to investigate the underlying facts, however, however, Petitioner does not demonstrate any prejudice from such an alleged failure to investigate. The Government asserts that any additional investigation would have further substantiated the Government's case against Petitioner. Petitioner fails to demonstrate what an additional investigation would have revealed when the Government had over 20 witnesses ready to testify about his drug dealing activities. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (rejecting "bald allegation" set forth in section 2255 petition because the court may not make findings "on the basis of speculation"). Furthermore, the Government had direct evidence of controlled buys and one seizure placing more than forty grams of crack cocaine on Petitioner.

This Court has carefully considered each of Petitioner's claims for relief as asserted in Ground One of his Petition. This Court is not sufficiently persuaded that Petitioner has satisfied either of the Strickland prongs in relation to any of his asserted grounds for relief. In each instance Petitioner has made an assertion that counsel has failed to do something that Petitioner feels he should have done, but he has not shown that counsel's performance fell below an objective standard of reasonableness, much less that any deficiency in counsel's representation resulted in prejudice to Petitioner.

Next, in his second ground for relief, and first supplemental ground for relief, Petitioner contends that his rights under the Fifth, Sixth, and Fourteenth Amendments were violated.[2] Petitioner fails to develop this argument in his motion beyond simply stating that his sentence was enhanced by facts not found by a jury. It is well settled that for purposes of calculating the advisory sentencing guidelines, the Government may offer relevant conduct evidence beyond the indictment. See U.S.S.G. § 1B1.3 (setting forth the relevant conduct provisions of the sentencing guidelines). And as noted above, at the time of his original sentencing, Petitioner faced a mandatory minimum sentence of 240 months imprisonment. After working through the various objections raised by defense counsel, Petitioner's advisory guideline range was 240 to 293. (See Doc. # 323). Even if defense counsel had prevailed on all the relevant conduct, the advisory guideline range would have remained around 240 months imprisonment. The Government contends that this claim should be summarily dismissed because this Court should not speculate as to what Petitioner may be referring to and because it lacks merit in light of the statutory mandatory minimum in place at the time of sentencing. This Court finds this position to be sufficiently persuasive.

Finally, Petitioner contends that his constitutional rights were violated because he did not challenge the qualifications of the grand jurors and he did not have the opportunity to present testimony to the grand jury. The Government asserts that this argument is without merit because Petitioner has failed to demonstrate any need to have even obtained the grand jury minutes or the

---

[2]To the extent that any of the claims raised in Petitioner's second ground for relief raise ineffective assistance of counsel claims, this Court is not sufficiently persuaded that Petitioner has shown that counsel's performance fell below an objective standard of reasonableness, much less that any deficiency in counsel's representation resulted in prejudice to Petitioner.

identities of the grand jurors. "A party requesting disclosure of secret grand jury minutes must make a strong showing of particularized need." United States v. Hansel, 70 F.3d 6 (2d Cir. 1995) (internal quotation marks and alterations omitted). Here, Petitioner has offered nothing to support his argument that he should have been given access to grand jury materials. He fails to identify any deficiency in the grand jury proceedings or the grand jurors qualifications. To the extent Petitioner argues that he should have been present during the grand jury proceedings, the established law is to the contrary. Rule 6(d)(1) succinctly provides that the "following persons may be present while the grand jury is in session: attorneys for the government, the witness being questioned, interpreters when needed, and a court reporter. . . ." Fed. R. Crim. Pro. 6(d)(1). Notably, targets of grand jury investigations, such as Petitioner, are absent from the list.

Finally, the Court addresses Petitioner's assertion that he is entitled to be re-sentenced based upon the Fair Sentencing Act ("FSA"). On September 4, 2012, the Government filed a supplemental response to Petitioner's Section 2255 motion and specifically addressed Petitioner's claim related to re-sentencing under the FSA, which was asserted in one of his supplemental filings.[3] The Government concedes that Petitioner is entitled to a new sentencing hearing and notes that such a hearing would be consistent with the Supreme Court's recent decisions in Dorsey v. United States, Docket # 11-5683 and Hill v. United States, Docket # 11-5721. On June 21, 2012, the Supreme Court released its decisions in the Hill and Dorsey cases holding that defendants who are sentenced following the passage of the FSA for conduct that predated the FSA should be sentenced pursuant to the FSA's lower mandatory minimums. In this case Petitioner's criminal conduct predated the FSA, but he was sentenced after the passage of the FSA, and did not receive the benefit of the FSA's

---

[3]Given that the Government concedes relief, the Court finds it unnecessary to issue another Roseboro Order in this case at this time.

lower mandatory minimums. Having reviewed the record in this case, the Court finds Petitioner is entitled to be re-sentenced under the Fair Sentencing Act. Relief is granted on Petitioner's § 2255 petition, as to this ground for relief, alone.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** in part and **GRANTED** in part (Doc. # 507, # 512, & # 547) and the Government's motion for summary judgment is **GRANTED** to the extent outlined above. (Doc. # 538).[4]

In light of relief being granted on Petitioner's request for re-sentencing under the FSA, Probation is requested to review this case and revise Petitioner's Pre-Sentence Report ("PSR") accordingly. The Clerk of Court is requested to refer this case to the Magistrate Judge assigned to it for purposes of appointing an attorney to handle Petitioner's re-sentencing. Thereafter, the Court will schedule a re-sentencing hearing, in conjunction with already pending pro se "Motion pursuant to Title: 18 U.S.C. 3582(c)(2)" (Doc. # 578) which has been filed by the Petitioner.

To the extent that this ruling is partially adverse to Petitioner, the Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
September 26, 2012   United States District Judge
Florence, SC

---

[4]The Court notes that in its supplemental response, the Government reaffirms its previous responses with respect to Petitioner's challenges to his conviction, ineffective assistance of counsel claims, and claims under the Fifth, Sixth, and Fourteenth Amendments.

14